LEBRÓN, PLAINTIFF AND APPELLEE, *v.* LEBRÓN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Damages.

No. 2578.—Decided May 24, 1923.

EVIDENCE—CROSS-EXAMINATION — DISCRETION OF COURT. — On cross-examination the courts should be liberal in the exercise of sound discretion.

ID.—OBJECTION.—The rule that an objection to the evidence should be clearly formulated is applicable only when evidence is admitted over objection and not when evidence is excluded. When evidence is excluded the only inquiry is whether there was any valid reason for its exclusion.

ID.—ID.—BIRTH CERTIFICATE.—When the age of a person is at issue a certificate from the civil register is not conclusive, but when a question on cross-examination simply inquires into the genuineness of the certificate admitted without objection and the cross-examiner in no manner indicates to the court that he intends to inquire into the truth of its contents, there is no ground

for holding on appeal that the court abused its discretion in sustaining an objection to a cross-question apparently tending to challenge only the legality of the certificate.

ID.—SEDUCTION—RAPE.—In an action for damages for seduction considered by the parties and tried on the theory of rape because the victim was under fourteen years of age, evidence that she had sexual intercourse with other men is not admissible.

The facts are stated in the opinion.

Messrs. L. Pereyó and A. Aponte Jr., for the appellant.

Mr. F. González for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

While the specific averments of the complaint in this case were that the defendant seduced the minor complainant under a promise of marriage, yet the case was tried and considered by the parties as being one of rape, the said complainant being under the age of consent at the time of the alleged unlawful acts. This suit was begun on the 28th day of November, 1919. On the nineteenth day of that month and year Dionisia Lebrón appeared in the civil registry and made record of the birth of her daughter Luisa Lebrón, and the record stated that the said daughter was born on the 5th day of April, 1905. The alleged carnal acts took place in the year 1917 and thereafter, beginning when the complainant, the said Luisa Lebrón, was a little over eleven years of age. Satisfied with the proof of the complainant, the District Court of Humacao rendered judgment in her favor. As this was a case for an alleged rape of a minor under the age of consent, it necessarily was important to ascertain the exact date on which the complainant daughter was born.

On cross-examination of Dionisia Lebrón, the mother, the court excluded the answer to a question, and this ruling is assigned as error. Both sides agree that on cross-examination the court should be liberal and that is, of course, the law, the whole matter being to a large extent within the sound discretion of the court. The mother testi-

fied that her daughter was eleven years old when seduced and that she knew that the daughter was of that age by reason of the baptismal act (*partida*). Thereupon the defendant asked the witness, ''Why did you record your daughter in the civil registry a year ago?'' The complainant objected because the question was immaterial on the ground that the certificate of registry had been presented and accepted. It was presented without objection. The defendant replied that he had a right to investigate, as this was the mother and that she had not complied with the law of the registry. The court sustained the objection.

The appellee says that an objection ought to be clearly formulated, but this rule is of application only where evidence is admitted over objection and not when excluded. When evidence is excluded the only inquiry is whether there was any valid reason for its exclusion. Furthermore, the real question is whether the court erred in not permitting an investigation into the lawfulness of the certificate.

To all seeming, the appellee contends that when the civil registry of a birth is once admitted, this is conclusive proof of the age of the person registering and that to destroy this proof some direct attack should be made on the certificate of registration, but both the Spanish and American authorities show that when the question to be investigated is the true age the complainant makes out only a *prima facie* case by showing a record in the civil registry. *Assise* v. *Curet,* 22 P. R. R. 520, citing section 320 of the Civil Code. Section 107 of the Law of Evidence provides: ''No evidence shall be considered as conclusive or unanswerable unless so declared by this Act.'' Here the record was made almost contemporaneously with the filing of the suit and hence is, to a certain extent, suspicious even though the presumption of honesty still prevails. It was of course incumbent on the defendant to show that the date reported in the civil registry was mistaken or fraudulent.

The appellee shows us, and no great point is made of this question by the appellant, that despite the original failure of the mother to record the date of birth within forty days thereafter, the mother had finally complied with the law or of a privilege that she had under the law, subject only to the imposition of a fine for the original neglect. So that the appellee's position that an investigation of the lawfulness was immaterial was well taken.

The appellant argues from another standpoint and there would be force in his argument if the facts and his position with respect thereto had been a little different in the court below. He dwells upon the importance of knowing the age of the daughter and that he should be allowed to make that inquiry in the form presented, inasmuch as it was very doubtful whether the said daughter was not older than represented at the time of the alleged carnal acts. If counsel for defendant in the court below, who was not the counsel who argued the case on appeal, had expressed the desire to investigate the true age of the complainant or to test the credibility of the witness, possibly or probably he should have been allowed to pursue the investigation even in the form commenced. The attack, however, appeared to be exclusively on the lawfulness of the certificate already admitted without objection and not on the truth of its contents or on the veracity of the witness. The defendant, himself, from all appearances, was only trying to impugn the certificate from the civil registry. The counsel for the defendant in the court below also apparently accepted the theory that the only way to attack the certificate was by an attempt to show that it was unlawful. The record shows that appellant was fully aware of the necessity of proving that complainant was above the age of consent.

As we have indicated, the latitude in cross-examination

should be great and a limitation may readily become an abuse of discretion, but when the cross-examiner himself limits the scope of his questions to the investigation of the lawfulness of a document already lawfully admitted and in no way indicates to the court that he proposes to investigate any other matter, we are not prepared to say that the court committed an abuse of discretion.

The court also excluded testimony as to the relations of complainant with other men. As the case was tried on the theory of the rape of a minor under the age of consent, the proposed investigation was immaterial.

At the trial the complainant gave fairly strong testimony tending to prove the rape as well as a promise of marriage. The mother was allowed without objection to give hearsay evidence of the actual rape by the defendant and another witness told of a similar admission of the defendant. There was also a *prima facie* case made out of the age of the complainant.

The defendant gave testimony tending to deny the rape. Another witness gave direct and personal testimony to the effect that the complainant was older than represented. Also as an expert a doctor was a witness. He had examined the teeth of the complainant and was of the opinion that she was nineteen at the time of the trial. This proof, if true, would have made the complainant above the age of consent at the time of the alleged carnal acts.

This is a case of conflict in the proof and while we can readily imagine stronger cases, the court could and did judge of the age of the complainant before him, of the truth of the corroboration of the veracity of the complainant or defendant and we do not find any undue element in the weighing of the evidence.

The judgment appealed from should be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchi-son concurred.

Mr. Justice Franco Soto took no part in the decision of this case.